METROPOLITAN MUSEUM OF ART, Appellant, v. ARTHUR W. CLEMENT, Respondent, et al., Defendants.— The failure of the plaintiff to obtain the property on its own foreclosure sale does not estop the respondent from asserting the provision of section 1083-a of the Civil Practice Act against plaintiff's claim for an absolute deficiency judgment. That section requires only an actual sale of the property in the foreclosure action and its application in the present case will not constitute a withdrawal of all remedies, for the plaintiff has pursued the remedy of foreclosure and its second mortgage lien has been transferred from the property to the purchase price received at the foreclosure sale. *Dorff* v. *Bornstein* (277 N. Y. 236) does not sustain the plaintiff's contention that the second mortgage lien should reattach to the property. In any event said lien cannot reattach where the plaintiff has confirmed the sale and where the court has no jurisdiction over the purchaser at the foreclosure sale. Close, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

PREMIUM POINT COMPANY, Appellant, v. EMIGRANT INDUSTRIAL SAVINGS BANK, Respondent.— Plaintiff is entitled to judgment under the second and third causes of action. Defendant is liable in quasi-contract and implied contract. Defendant purchased the land with notice and knowledge of the covenants and by-laws, and has had the use and benefit of the common facilities which were maintained by the plaintiff corporation. The second and third causes of action are for a sum of money only and are not beyond the jurisdiction of the County Court. In addition to the informal findings and conclusions stated herein, all findings made by the trial court are affirmed. All conclusions of law are reversed and disallowed. All plaintiff's proposed findings, which were found by the trial court, are affirmed and found. All plaintiff's proposed conclusions, which were allowed by the trial court, are reversed and disallowed as unnecessary under our view of the case. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.