John L. Flynn, J.
This is a motion by plaintiff Tomkins Lakes Estates Association, Inc., the managing membership corporation which operates and maintains the common facilities of the private residential community of Tomkins Lakes, and Tolake Corp., coplaintiff, a stock corporation which owns the community facilities in said community, for summary judgment for dues and assessments alleged to be owed by defendant, a resident of said community, and for an order dismissing defendant’s counterclaim.
The Tomkins Lakes area was originally projected as a private residential community by Tomkins Coxe Estates, Inc., and a map of the area was drawn up and recorded in the County Clerk’s office, together with a declaration of covenants and restrictions with respect to all land embraced in the proposed community. The pertinent provisions of the declaration provide that all purchasers shall enjoy, in common, use of certain recreational facilities, a right of way over community streets, and that all of the covenants and restrictions shall attach to and run with the land. Defendant subsequently purchased several lots in this community, from the Stony Point Construction Co., Inc., and his deed and contract of sale, while incorporating the above declaration, did not contain any covenant with respect to payment of dues or assessments. Subsequently, the developer encountered financial difficulties in carrying the project through to completion. The plaintiff association was forced by many of the community landowners to deal with the reneging developer, who became insolvent; Silbus Realty Corp., the mortgagee of the original developer, foreclosed its mortgage and took over the premises. Tolake Corp., a stock corporation formed by residents of the community, purchased the lots and all of the beach facilities then owned by Silbus. The association proceeded to maintain, manage and operate the communal facilities, prepared an annual budget for the various community activities performed. Each homeowner in the community was assessed equally each year for the operating expenses, without regard to the size of the plot owned by each resident or the value of the improvements thereon.
Defendant was admittedly a member of the association until September, 1962. He paid his assessments annually up until *490 1959, but only paid part of the assessment for 1960 and has not contributed thereafter.
Plaintiffs seek payment of all of the annual assessments levied against defendant which he has not paid, and contend that, even though defendant is no longer a member of the association, he is nonetheless obligated to pay for the community services rendered to him.
Defendant contends that there is no express or implied contract requiring him to pay; that plaintiff corporation has, in effect, volunteered its services, and payments by residents are also voluntary. He also contends that the mode of assessment is arbitrary and inequitable. By way of counterclaim, defendant alleges that the membership and stockholders of plaintiff corporation and association passed a resolution requiring the sale of any land they obtained, at cost, to the member-owner of contiguous parcels, if so requested; defendant seeks specific performance of this agreement, or damages for its breach.
Defendant’s position with respect to the assessments levied against him is untenable in light of the decision in the similar case of Sea Gate Assn. v. Fleischer (211. N. Y. S. 2d 767) wherein the court states, at pages 778-779 that “ Maintenance costs money. Those who are entitled to enjoy the easements are the ones who must pay the cost of maintenance. Membership in the corporation is not that which gives the right to the property owners to enjoy the easements and services provided by the Association. It is the ownership of property which effects this result. When these defendants bought their property, they knew of all of the existing conditions imposed upon ownership in the area.” Defendant’s knowledge of the existing conditions, an important part of the Sea Gate decision, is clearly evident in this case. The declaration of covenants and restrictions, affecting the area in question, was filed and recorded approximately one year prior to defendant’s purchase of his land. The declaration ran with the land and was incorporated in his deed, giving him the rights, mentioned above, which he enjoyed and continues to enjoy. He had actual notice of the proposed character of the community, and surely he must pay for what he has received. This court shares the opinion of the court in the Sea Gate case, where the court stated, at page 781, that “ when the defendants undertook to purchase property in this community they impliedly accepted an offer by the plaintiff to care for the streets * * * to provide lights, to provide beach facilities * * * and to provide other services necessary to the well-being of a community, and that when th'ey impliedly accepted such offer they impliedly agreed to pay a proportionate share of the cost there *491 for.” The Sea Gate case (supra) also disposes of the contention that defendant’s share was disproportionate and inequitable. The court stated, at pages 782-783: “ Defendants had the right of membership in the Association. They chose not to join. Under the circumstances," they are bound by the acts of the Board of Directors resulting in the adoption of the budget and have no avenue of complaint unless it may be said that, for all practical purposes, their ownership of property in this area makes them a quasi-member of the plaintiff. Assuming they do have the status of being members in the plaintiff corporation, they failed to initiate visitation by the Supreme Court as provided in section 26 of the Membership Corporations Law and have foreclosed themselves from questioning any item incorporated in the budget. They are bound, therefore, to pay the full amount of the assessments.”
Accordingly, that branch of the motion seeking summary judgment for dues and assessments owed by defendant is granted.
However, that branch of the motion which seeks summary judgment on the counterclaim is disposed of as follows:
The motion for summary judgment is denied with leave to renew upon a full evidentiary showing and proper papers, including a certified copy of the resolution of the minutes of the stockholders’ meeting or meetings at which the resolution was proposed, voted on and passed.
There is not sufficient evidence submitted on this motion to pass upon the merits of the issues raised in the counterclaim. In order to defeat plaintiffs’ motion, it was necessary for defendant to assemble and reveal his proof in support of his counterclaim ; this he did not do. On the other hand, the proof submitted by plaintiffs is insufficient to establish that the counterclaim is without merit.
Plaintiffs’ argument regarding the pertinent Statute of Limitations is inapplicable in this particular action. CPLR 218 (subd. [b]) retains for this defendant the longer limitation period provided by section 53 of the Civil Practice Act and the counterclaim is therefore timely asserted. The entry of judgment in plaintiffs’ favor should be held in abeyance pending the determination of the counterclaim (CPLR 3212, subd. [e], par. 2; Nopco Chem. Co. v. Milner, 12 A D 2d 942; Gallagher Switchboard Corp. v. Heckler Elec. Co., 34 Misc 2d 256; Frank M. Herbert, Inc. v. M & P Scrap Iron & Metal Corp., 41 Misc 2d 1020).