■ MOHEGAN COLONY ASSOCIATION, INC., Appellant, v RICHARD PICONE et al., Respondents.—In an action to recover the pro rata share of the cost of the maintenance of certain communal beach facilities, the plaintiff appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, entered December 8, 1976, which reversed a judgment of the County Court, Westchester County, entered July 7, 1976, in favor of plaintiff, the Appellate Term directing the dismissal of the complaint. Order of the Appellate Term and judgment of the County Court both reversed, on the law, without costs or disbursements, and action remanded to the County Court for a trial in accordance herewith. This action was commenced without pleadings as a simplified procedure for court determination of disputes (CPLR 3031, 3037). As Judge Martin recited in his decision at the County Court, the parties in their statements of facts agreed: "The plaintiff is a domestic membership corporation whose membership is limited to owners of various parcels of land which in the aggregate total approximately 400 acres. Originally, the property was subdivided into 354 separate parcels. As of 1975 out of a total of the 354 parcels of land in the subdivision 278 were owned by members of the Association, 48 were owned by non-members and 28 were owned by the Association itself. Each of the original purchasers was required to become a member of the Association and agreed for himself, his heirs and assigns to pay a proportionate share of

the cost of maintenance and repair of various items including maintenance of the land and beach area. The covenants and restrictions by their terms expired on January 1, 1952 and the property owners are no longer required to continue their membership in the corporation. The corporation itself no longer maintains the roads, sewerage and water systems, nor does it supply street cleaning and garbage services, since these functions have been taken over by the Towns where the properties are located. The sole remaining service furnished by plaintiff is the maintenance of the beach area and lake and a fifteen foot wide strip, twenty-five feet long at the entrance to the beach. The defendants have no intention of using the beach facilities and if necessary are agreeable to executing a release in recordable form surrendering their easement and any and all right to the beach and lake. The issue between the parties is whether or not the defendants by virtue of the fact that they own property in the original subdivision are liable for payment of a pro rata share of the expenses incurred by plaintiff in maintaining the beach and lake facilities, notwithstanding that the defendants are not members of the Association, have not agreed to make payments to the Association and do not use or intend to use the facilities, and if necessary are willing to surrender any rights they have with respect to the beach and lake by executing an appropriate document." Judge Martin decided that the defendants could not unilaterally refuse to pay their proportionate share of the expenses of maintaining common facilities in a private community. The Appellate Term reversed and dismissed the complaint. Although the express covenants have expired, the defendants are liable in quasi-contract and implied contract if they have had the use and benefit of the common beach facilities (see *Premium Point Co. v Emigrant Ind. Sav. Bank*, 36 NYS2d 829, revd 265 App Div 1056, affd 291 NY 813). The record, based on and consisting of the agreed statement of facts and of the claims of the parties, is insufficient to establish whether any or all of the defendants have used or benefited from the plaintiff's maintenance of the beach area. Accordingly, a trial is required. The simplified procedure for court determination of disputes contemplates a trial without a jury and with the rules of evidence relaxed (CPLR 3031, 3033, 3036; cf. CPLR 3222; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3031:6, p 601). The trial should not be limited to the issue of the defendants' actual use, if any, of the beach area. The defendants will also have benefited if the value of their parcels has been greater because of the plaintiff's maintenance of the beach area than it would have been without such maintenance. It will therefore be appropriate for the plaintiff to adduce proof as to the difference, if any, between the present value of each of the defendants' parcels (or the sale price of any parcel which has been sold) and the value of that property if the beach area had not been maintained. To the extent that the present value (or, where appropriate, the selling price) exceeds the hypothetical value without the upkeep of the beach area, the defendants may be held to have benefited from such upkeep and maintenance. The express covenants having expired, each of the defendants may, if he be so advised, surrender any rights he has with respect to the beach and lake. However, such surrender cannot affect the defendants' liability as to any period of use and benefit up to the date of surrender. Since there will be a trial, we note that on any appeal from the subsequent judgment, the "decision of the trial judge on the facts shall be final if there is any substantial evidence to support it" (CPLR 3037). Hopkins, J. P., Rabin, Shapiro and O'Connor, JJ., concur.