■ SELDEN PROPERTY ASSOCIATES, Respondent, v TBS ENTERPRISES, INC., Appellant, et al., Defendant.—In an action to compel the removal of an encroachment on plaintiff's real property and for damages, defendant TBS Enterprises, Inc., appeals (1) as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County, dated March 2, 1978, as, upon granting plaintiff's motion to discontinue the action and cancel the *lis pendens,* awarded costs against it, (2) as limited by its brief, from so much of a further order of the same court, dated April 18, 1978, as, upon granting plaintiff's motion to cancel the notice of pendency, awarded costs against it, and (3) from a judgment of the same court, entered April 25, 1978, which only awarded costs in favor of the plaintiff and against it. Orders reversed insofar as appealed from, and judgment reversed, on the law and the facts, without costs or disbursements, and no costs are to be imposed against appellant. TBS Enterprises, Inc. (appellant), a former owner and current purchase-money mortgagee of certain real property in Coram, Suffolk County, was asked to join in a stipulation of discontinuance after a settlement was effected between the other parties to the within action with respect to an encroachment on plaintiff's premises. Appellant, as mortgagee, requested of plaintiff that a copy of the settlement instruments be sent to it, in order to ascertain if the security of its mortgage had been in any manner impaired. It claimed that it never received all the closing papers; hence, by its attorney, it refused to sign the stipulation. Upon the factual circumstances of the case, we hold that the appellant was justified in refusing to execute the stipulation until it had received a copy of all the settlement documents and that the imposition of costs against it was an improvident exercise of discretion (see CPLR 3217). Cohalan, J. P., Margett, Hawkins and O'Connor, JJ., concur.

■ SHRUB OAK PARK COMMUNITY ASSOCIATION, INC., Appellant, v SAL FIDUCIA et al., Respondents.—In an action to recover defendants' pro rata share of the cost of maintaining certain communal facilities, the plaintiff appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated May 25, 1977, which (1) reversed a judgment of the Justice Court of the Town of Yorktown, dated July 19, 1976, and (2) dismissed the complaint. Order affirmed, with costs. The communal facilities involved are of a nonessential, or recreational, nature. The defendants' deed contains no easement to use these facilities. Hence, since defendants are not thereby entitled to use the facilities, they are not responsible for paying a pro rata share of the costs of maintaining them (see *Tides Prop. Owners Assn. v Paolillo,* 56 AD2d 888; see, also, *Mohegan Colony Assn. v Picone,* 61 AD2d 809). Mollen, P. J., Hopkins, Titone, Hawkins and O'Connor, JJ., concur.