■ TIDES PROPERTY OWNERS ASSOCIATION, INC., Respondent, v CHARLES KALKHOF, JR., Appellant.—Motion by defendant for leave to appeal to the Court of Appeals from an order of this court, dated January 14, 1980, which determined an appeal (by permission) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated January 12, 1978. Motion denied, without costs or disbursements. On the court's own motion, the decision and order, both dated January 14, 1980 (Tides Prop. Owners Assn. v Kalkhof, 73 AD2d 1067), are recalled and vacated and the following decision is substituted therefor: In an action, inter alia, to recover membership dues owed to the plaintiff association for maintaining a certain beach, defendant appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated January 12, 1978, which (1) reversed an order of the Third District Court, Huntington, Suffolk County, entered January 28, 1976, that denied plaintiff's motion for summary judgment and granted judgment to defendant and (2) granted plaintiff's motion. Orders of the Appellate Term and of the District Court both reversed, on the law, without costs or disbursements, and motion denied. Defendant's deed does not. expressly create an unmistakable covenant requiring defendant's contribution to the plaintiff association for maintenance of the private beach. However, such a covenant may be implied if it can be shown that defendant has benefited because the availability of the private beach has increased the value of the parcel (see Mohegan Colony Assn. v Picone, 61 AD2d 809). The question of benefit is factual in nature and it was therefore improper to have granted summary judgment. Hopkins, J. P., Mangano, Rabin and Gulotta, JJ., concur.