■ SEAVIEW ASSOCIATION OF FIRE ISLAND, N. Y., INC., Respondent, v HOWARD WILLIAMS et al., Defendants, and RENEE ROTH et al., Appellants.—Judgment, Supreme Court, New York County (Amos Bowman, J.), entered on June 11, 1985, affirmed for the reasons stated by Amos Bowman, J., at Special Term. Respondent shall recover of appellants $75 costs and disbursements of this appeal. Concur—Sandler, Asch, Kassal and Wallach, JJ.

Murphy, P. J., dissents in the following memorandum: Plaintiff, The Seaview Association of Fire Island, is a homeowners' association which has acquired property in, and assumed some management responsibility for Seaview, an unincorporated community on Fire Island. Plaintiff has sought for some time to collect blanket pro rata assessments from certain homeowners, including the defendants in this action, who have chosen not to join the Seaview Association. Defendants' persistent refusal to pay these assessments gave rise to this lawsuit.

The legal theory upon which plaintiff relies is that, despite their nonmembership in the Seaview Association, defendants have impliedly agreed to pay on a pro rata basis for the Association's services and facilities. This agreement is said to arise both from the actual benefits received by defendants and from the fact that defendants were placed on notice when they purchased their Seaview homes that Seaview is a private community served in large measure by the Seaview Association.

Undoubtedly, plaintiffs may recover for the value of any benefits defendants have willingly received. But plaintiff does not limit its sought recovery to the value of such benefits. Rather, it claims the larger right to levy assessments predominantly covering facilities and services which defendants do not have the right to use or receive.

The implication of a contract entitling a community association to impose uniform pro rata assessments on nonmember homeowners would appear to depend on the adequacy of the notice provided those parties as prospective homeowners regarding the private self-sufficient nature of the community.

*(Sea Gate Assn. v Fleischer,* 211 NYS2d 767; *Patchogue Props. v Cirillo,* 54 Misc 2d 863, *affd without opn* 60 Misc 2d 71 [App Term, 2d Dept].) Where the community is obviously private and its essential services are largely provided by a homeowners' organization, the presumption is very strong that all homeowners have agreed, at least impliedly, to pay their share. Similarly, where there is a reservation of rights by the developer of a private community included in a homeowner's deed, retaining in the developer, its successors or assignees, ownership of, or the right to manage and maintain the community's common facilities, this is sufficient notice to support imposition of pro rata assessments *(see, e.g., Sea Gate Assn. v Fleischer, supra; Tomkins Lakes Estates Assn. v Speisman,* 51 Misc 2d 488 [Sup Ct, NY County]).

A review of the record does not persuade me that any of these factors have been adequately demonstrated so as to create a legal basis for the assessments at issue.

Seaview was not initiated as the project of a developer. Certainly none of the defendant homeowners, several of whom acquired their property before the existence of the Seaview Association, took their property subject to the Association's rights. Moreover, although plaintiff strenuously asserts that Seaview is a private community, testimony at trial established that Seaview is easily accessible to all by public ferry. Nearly all the essential services provided Seaview residents, including police and fire protection, electric power and gas, street lighting, ferry service, garbage collection and sewage facilities, are provided by outside agencies and are paid for by substantial real estate taxes collected by the Town of Islip or charges assessed by utilities. It hardly appears that Seaview exhibits such indicia of an exclusive internally managed and maintained private community as would put prospective homeowners on notice respecting their contributory obligations. *(Compare, Sea Gate Assn. v Fleischer, supra; Patchogue Props. v Cirillo, supra.)* Indeed, plaintiff seems to rely not so much on the actual private self-contained character of the subject community as upon the existence of signs it has posted making assertions to that effect. It is at the very least dubious whether these signs alone, many of which are apparently ambiguous and misleading, are sufficient to support the obligations plaintiff would have enforced.

Although some of the services provided by plaintiff may arguably be essential, it is not disputed that at least 77% of the total assessments made by plaintiff go to support its recreational facilities (i.e., tennis courts, softball field, private

bathing area, etc.). According to plaintiff's published regulations and prominently placed signs these facilities are not open for use by nonmembers of the Seaview Association or by seasonal tenants of those nonmembers. I can see no basis for imposing blanket assessments going predominately for nonessential facilities to which there can attach no presumption of general community use *(see, Shrub Oak Community Assn. v Fiducia,* 66 AD2d 778). Nor is it sufficient to assert that the availability of recreational facilities in a vacation community confers a benefit upon homeowners in the form of increased property and rental values. The presence of a private country club in near proximity to vacation homes doubtless inures to the benefit of the homeowners. It does not follow, however, that the club, though it is democratically governed and nonexclusive, may assess surrounding homeowners for the upkeep of its tennis courts and golf greens. Certainly it would be nonsensical to argue that such assessments could be sanctioned by implied contract. There is no greater basis to impute contractual obligation here. It may well be inquired whether, in view of the ease with which the majority would imply contracts, nonmembers are not some day to be assessed for costly improvements to the Association's recreational facilities such as the addition of more tennis courts, a club house or artificial turf for the playing field.

Accordingly, I dissent and would dismiss the present suit without prejudice to plaintiff bringing an action to obtain compensation for the fair value of any of its services from which defendants have willingly received a direct benefit.