*381 OPINION OF THE COURT
Memorandum.
Order unanimously reversed, without costs, and plaintiffs motion for judgment in its favor granted.
This is an action to recover unpaid annual assessments levied against defendants for the period 1992 until 1998, which was submitted upon agreed facts pursuant to CPLR 3222. Plaintiff, Patchogue Properties, Inc., owns and maintains the roads, streets, block area and waterfront property in the private residential community located in East Patchogue, Town of Brookhaven, known as Patchogue Shores. The community is comprised of property located on a subdivision map entitled “Map of Patchogue Shores, Section 1,” filed in 1937, and a subdivision map entitled “Map of Riviera Shores, Section 1” filed in 1927. Defendants’ property, purchased in 1978, is “described property” located south of the property shown on the filed maps. The property is described by metes and bounds in the deed conveying title and in the title insurance, and is designated as a “described parcel” in the deed. Owners of “described property” use the roadways owned and maintained by the plaintiff for purposes of ingress and egress to their property, and are entitled to be members of plaintiff organization and to utilize the community facilities upon payment of annual assessments. There are no encumbrances of record which refer to the rights of plaintiff to levy assessments against defendants’ premises. Defendants were members of plaintiff organization and paid their annual assessments levied by plaintiff from the date they acquired the property until 1992. Defendants thereafter refused to continue to pay assessments.
Plaintiffs position is that the private character of Patchogue Shores private community was known to defendants when they purchased their property, and that they are liable for all assessments, regardless of whether their property was described property or property on the aforesaid subdivision map. Defendants contend that their property is not within the legal boundaries as set forth on the filed maps, since their property is a described parcel and not designated as a lot on either of the filed maps. The court below determined that “defendants’ property is not located within a private community,” and denied plaintiffs motion absent “any other evidence that the defendants’ property is so encumbered.” We reverse.
Property owners in private communities who are not members of a community association may be held liable in *382 quasi contract and implied contract for payment of their proportionate share of the cost of maintaining the common community property and facilities (see, Seaview Assn. v Williams, 69 NY2d 987, affg 122 AD2d 745; Mohegan Colony Assn. v Picone, 61 AD2d 809; Tides Prop. Owners Assn. v Paolillo, 56 AD2d 888; Sea Gate Assn. v Fleischer, 211 NYS2d 767), provided that they had actual or constructive notice of the private nature of the community (Seaview Assn. v Williams, supra).
In the instant case the agreed facts submitted by the parties state that “[t]he only road entrance to Patchogue Shores is marked by a gateway, a sign with the name ‘Patchogue Shores’ at the gateway, and a booth originally constructed and previously manned as a security booth.” Defendants furthermore purchased their property in 1978, and paid annual assessments from the date of purchase until 1992. Defendant Archie Saccio was a former president of plaintiff, who has since resigned and presently has no membership with the plaintiff. The stipulated facts support the conclusion that defendants had knowledge or notice at the time of purchase of the private nature of the community, and are therefore liable for their pro rata share of the assessments on a theory of implied contract.
Defendants’ argument that they should not be liable because their property is not designated as a lot in either of the filed maps but is only “described properties” is unpersuasive. The dispositive issue is that defendants had notice, actual or constructive, of the private nature of the community, and that they acquiesced to the assessments levied against them. There is no basis to distinguish, for the purpose of ascertaining defendants’ liability in implied or quasi contract, between described property or property specifically designated as a lot on the filed maps, under the circumstances presented here. We note that defendants’ reliance on Patchogue Props. v Lee (NYLJ, Oct. 31, 1988, at 31, col 3 [App Term, 9th & 10th Jud Dists]) is misplaced as in that case, also decided on submitted facts, it was determined that defendant did not have notice that the property he was purchasing was part of the private community.
DiPaola, P. J., Floyd and Palella, JJ., concur.