■ JOSEPH ANCONA et al., Respondents, v WALDBAUM, INC., Appellant. [758 NYS2d 816] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (M. Garson, J.), entered August 14, 2002, which denied its motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for leave to amend their bill of particulars.

Ordered that the order is affirmed, with costs.

The plaintiff Joseph Ancona, an employee of Frito-Lay, Inc., allegedly was injured when he fell approximately 15 feet to the floor from atop stacked pallets of merchandise in the storeroom at the defendant's supermarket. The plaintiffs commenced this action alleging that the defendant negligently stored and stacked products in an unstable manner, creating a dangerous condition. The defendant moved for summary judgment dismissing the complaint on the ground that no dangerous condition existed. The plaintiffs opposed the summary judgment motion and cross-moved for leave to serve an amended bill of particulars. The plaintiffs sought to add to the bill of particulars the assertion that Joseph Ancona was directed by the defendant's employee to work atop the stacked pallets. The Supreme Court denied the motion for summary judgment and granted the cross motion for leave to amend the bill of particulars.

Contrary to the appellant's contention, the Supreme Court properly denied its motion for summary judgment. The appellant failed to demonstrate its prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). The Supreme Court also properly granted the plaintiffs' cross motion for leave to amend the bill of particulars. Leave to amend a bill of particulars "is to be freely given in the absence of prejudice or surprise to the opposing party" (*Scheuerman v Health & Hosps. Corp. of City of N.Y.,* 243 AD2d 553, 554 [1997]; *see Edenwald Contr. Co. v City of New York,* 60 NY2d 957 [1983]). The appellant failed to show how it was surprised or how it would be prejudiced by the proposed amendment.

The appellant's remaining contention is without merit. Luciano, J.P., Adams, Townes and Rivera, JJ., concur.