■ SYLVIA KAZIMIR et al., Appellants, v JOSEPH CORNYN, Respondent. [817 NYS2d 324]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 1, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff Sylvia Kazimir allegedly was injured when she tripped and fell in the defendant's parking area. The plaintiffs alleged that a dangerous and defective condition existed due to a chain, normally used to cordon off the parking area, lying on the ground and the absence of adequate lighting. The defendant moved for summary judgment dismissing the complaint. The defendant argued that the plaintiffs failed to demonstrate that the chain was a proximate cause of the trip and fall, and that, in any event, the chain was an open and obvious condition. Further, he argued, there was no evidence that he had actual or constructive notice of the alleged defective and dangerous condition. The Supreme Court granted the defendant's motion. We reverse.

The defendant failed to establish his prima facie entitlement to judgment as a matter of law. He did not demonstrate either that he did not create the alleged dangerous and defective condition, or that he lacked actual or constructive notice of the condition and a reasonable time to remedy the same (see Penn v Fleet Bank, 12 AD3d 584 [2004]). The defendant, who was outside the restaurant at the time in question and spoke to the plaintiffs as they left, had no specific recollection concerning the chain before the fall. Rather, he merely testified that it was the usual practice that either he or an employee suspended the chain

three or four feet off the ground across the entrance to the parking area, and speculated that a departing customer might have dropped the chain to the ground in order to leave.

The defendant's remaining contentions are without merit. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.