■ Eugeniusz Pryzywalny, Appellant, v New York City Transit Authority, Respondent. [892 NYS2d 181]—

A defendant owner or entity who is responsible for maintaining a premises who moves for summary judgment in a slip-and-fall or trip-and-fall case involving the property has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Arzola v Boston Props. Ltd. Partnership,* 63 AD3d 655

599

[2009]; *see also Bruk v Razag, Inc.,* 60 AD3d 715 [2009]). To provide constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]). " 'To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell' " (*Braudy v Best Buy Co., Inc.,* 63 AD3d 1092 [2009], quoting *Birnbaum v New York Racing Assn., Inc.,* 57 AD3d 598, 599 [2008]). Here, the defendant failed to submit any evidence demonstrating when the subject step was last inspected. Thus, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Dillon, J.P., Santucci, Florio and Hall, JJ., concur.