■ Laura Bruinsma et al., Respondents, v Simon Property Group, Inc., et al., Appellants. [902 NYS2d 649]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated March 31, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the evening of December 17, 2004, the plaintiff Laura Bruinsma (hereinafter the plaintiff) allegedly sustained personal

injuries when she slipped an fell over an irregularity in the floor of the Smith Haven Mall, which she described as a "bubble." After joinder of issue, the defendants moved for summary judgment dismissing the complaint on the grounds that they did not have notice of the alleged defect and that, in any event, the alleged defect was trivial and thus, not actionable.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created nor had actual or constructive notice of the existence of the alleged defect for a length of time sufficient to discover and remedy it (*see Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673, 674 [2007]). Here, the defendants failed to meet their burden of demonstrating the absence of constructive notice since they failed to submit any evidence as to when the floor in question was last inspected prior to the plaintiff's accident (*id.* at 674).

"[T]here is no 'minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth in order to be actionable" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]). Rather, a court must look at the "width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstances of the injury" (*id.* at 978 [internal quotation marks omitted]). Here, the defendants failed to make a prima facie showing that the alleged defect was trivial and, therefore, not actionable. The evidence submitted by the defendants regarding the dimensions and irregular shape of the alleged defect, including the plaintiff's deposition testimony and photographs of the accident site, raised issues of fact as to whether the alleged defect was trivial and, therefore, not actionable (*see Bolloli v Waldbaum, Inc.*, 71 AD3d 618 [2010]). In view of the foregoing, it is unnecessary to consider the sufficiency of the plaintiffs' opposition papers (*see Tchjevskaia v Chase*, 15 AD3d 389 [2005]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.