■ EVELYN BRAVO et al., Appellants, v 564 SENECA AVENUE CORP., Respondent, et al., Defendants. [922 NYS2d 88]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rosenberg, J.), dated November 25, 2009,

which granted the motion of the defendant 564 Seneca Avenue Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant 564 Seneca Avenue Corp. for summary judgment dismissing the complaint insofar as asserted against it is denied.

Evelyn Bravo, the infant plaintiff, allegedly was injured when she fell down the stairs connecting the first and second floors of the apartment building where she resided with her family. At the time of the occurrence, the infant plaintiff was three years old and descending the stairs with her mother, the plaintiff Guadalupe Bravo (hereinafter the mother). The defendant 564 Seneca Avenue Corp. (hereinafter Seneca), the owner of the apartment building, moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion. We reverse.

"A defendant who moves for summary judgment in a premises liability case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 638 [2011]; *see Martinez v Khaimov*, 74 AD3d 1031, 1033 [2010]). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Perez v New York City Hous. Auth.*, 75 AD3d 629 [2010]).

Here, Seneca failed to make a prima facie showing of its entitlement to judgment as a matter of law. While Seneca's submissions established that it did not have actual notice of the alleged dangerous condition of the stairway landing on the premises, its submissions failed to eliminate all triable issues of fact as to whether it had constructive notice of that condition. Seneca's representative, the building's managing agent, Romeo Cojocaru, testified at his deposition that he had not received any complaints regarding the condition of the stairway landing, and the mother testified at her deposition that she had never complained about the condition prior to the accident (*see Mauge v Barrow St. Ale House*, 70 AD3d 1016, 1017 [2010]; *Crapanzano v Balkon Realty Co.*, 68 AD3d 1042 [2009]). However, Cojocaru also testified that the condition "did not happen overnight," and he was unsure how long it had existed on the premises

prior to the date of the accident. The photographs of the stairway landing submitted by the defendant also raise a triable issue of fact as to whether the visible and apparent condition existed for a sufficient length of time for Seneca to have discovered and remedied the defect (*see Batton v Elghanayan*, 43 NY2d 898, 899-900 [1978]; *Williams v Long Is. R.R.*, 29 AD3d 900, 901 [2006]; *see also Jackson v Fenton*, 38 AD3d 495 [2007]; *Brown v Linden Plaza Hous. Co., Inc.*, 36 AD3d 742 [2007]).

In light of Seneca's failure to meet its prima facie burden, it is not necessary to consider the sufficiency of the plaintiffs' opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied Seneca's motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.