■ Roza Tsekhanovskaya, Appellant, v Starrett City, Inc., et al., Respondents. [935 NYS2d 128]—

In a trip-and-fall case, a defendant moving for summary judgment has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Leary v Leisure Glen Home Owners Assn., Inc.*, 82 AD3d 1169 [2011]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598 [2010]). "To meet its initial burden on the issue of . . . constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Mei Xiao Guo v Quong Big Realty Corp.*, 81 AD3d 610 [2011]; *Braudy v Best Buy Co., Inc.*, 63 AD3d 1092 [2009]). A movant cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case (*see Cummins v New York Methodist Hosp.*, 85 AD3d 1082 [2011]).

Here, the defendants failed to establish, prima facie, that they did not have constructive notice of the alleged dangerous condition, as they failed to proffer evidence demonstrating that the condition existed for an insufficient amount of time for them to discover and remedy it (*id.*; *see Catanzaro v King Kullen Grocery Co.*, 194 AD2d 584 [1993]). Since the defendants failed to meet their initial burden as the movants, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]), and thus the defendants' motion for summary judgment dismissing the complaint should have been denied. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.