■ BURTON LEVINE, Appellant, v AMVERSERVE ASSOCIATION, INC., et al., Respondents, et al., Defendant. [938 NYS2d 593]—

The plaintiff allegedly tripped and fell on a metal prong or protrusion from a metal plate affixed to the floor of a parking garage maintained by the defendants Amverserve Association, Inc., and Metro Management & Development, Inc. (hereinafter together the defendants). At an examination before trial, the defendants' witness, a manager who oversaw the maintenance of the parking garage, testified that the subject metal plate was supposed to be covered by an orange tubular cone, two feet tall, but the cone was absent at the time of the plaintiff's accident. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that they neither created nor had actual or constructive notice of the absence of the orange cone. The Supreme Court granted the motion, holding that the defendants made a prima facie showing of entitlement to judgment as a matter of law, and the plaintiff, in opposition, failed to raise a triable issue of fact. The plaintiff appeals and we reverse.

"A defendant who moves for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it" (*Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655, 656 [2009]; *see Jackson v Jamaica First Parking, LLC*, 91 AD3d 602 [2d Dept 2012]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598 [2010]). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599). Here, the defendants failed to establish, prima facie, that they lacked constructive notice of the existence of the alleged hazard, as the deposition testimony of their manager, upon which they relied, merely referred to general inspection practices of the parking garage and provided no evidence as to when the area in question was last inspected relative to the plaintiff's accident.

Accordingly, in light of the defendants' failure to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the papers submitted by the plaintiff in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur.