██ ANGEL MINOR, Respondent, v 1265 MORRISON, LLC, et al., Appellants, et al., Defendant. [947 NYS2d 167]—

In an action to recover damages for personal injuries, the defendants 1265 Morrison, LLC, and David Yadegar appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), entered December 8, 2011, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant 1265 Morrison, LLC.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that she was injured in a stairway of the apartment building where she lived when she tripped on a defective step due to it being misleveled, with portions of concrete missing. At the time of the accident, the apartment building was owned by the defendant 1265 Morrison, LLC (hereinafter 1265 Morrison), and managed by the defendant David Yadegar (hereinafter together the defendants).

A defendant property owner who moves for summary judgment in a premises liability case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence (*see Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 638

[2011]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598 [2010]). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it" (*Bravo v 564 Seneca Ave. Corp.*, 83 AD3d at 634).

As the Supreme Court correctly determined, the defendants failed to make a prima facie showing of 1265 Morrison's entitlement to judgment as a matter of law. Here, the defendants failed to submit any evidence, aside from Yadegar's self-serving and conclusory remarks, to demonstrate when the subject stairway was last inspected prior to the accident (*see Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599). Additionally, the photographs submitted by the defendants, which the plaintiff alleged were taken the day of the accident and which depicted the step in question at the time of her fall, also raised triable issues of fact as to whether the visible and apparent condition existed for a sufficient length of time for 1265 Morrison to have discovered and remedied the defect (*see Bravo v 564 Seneca Ave. Corp.*, 83 AD3d at 635).

In light of the defendants' failure to meet their prima facie burden, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against 1265 Morrison, and it is not necessary to consider the sufficiency of the plaintiff's opposition (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.