■ JEANETTE INDELICATO, Respondent, v PARKWAY NORTH ASSOCIATES, L.P., et al., Appellants. [950 NYS2d 585]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Markey, J.), dated March 7, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries when she tripped and fell over a piece of metal protruding from the pavement outside of a building as she walked from the building to

its parking lot. The plaintiff commenced this action against the defendants, Parkway North Associates, L.P., and We're Associates, Inc., which are the owner and managing agent of the building, respectively.

The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that they did not create the alleged hazardous condition or have actual or constructive notice of it. The Supreme Court denied the defendants' motion. The defendants appeal and we affirm.

In moving for summary judgment dismissing the complaint, the defendants had the initial burden of establishing "that [they] neither created nor had actual or constructive notice of the allegedly defective condition that caused the accident" (*Kielty v AJS Constr. of L.I., Inc.*, 83 AD3d 1004, 1005 [2011]; *see Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008]; *Scoppettone v ADJ Holding Corp.*, 41 AD3d 693, 694 [2007]). The defendants failed to satisfy this burden, since they did not proffer any evidence demonstrating when the walkways and stairways leading from the building to the parking lot were last inspected prior to the plaintiff's accident, and thus failed to eliminate all triable issues of fact (*see Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d 909, 910 [2011]; *Bruinsma v Simon Prop. Group, Inc.*, 74 AD3d 859 [2010]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]).

Since the defendants did not sustain their prima facie burden, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.