■ ANTHONY GUZMAN et al., Appellants, v JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES, INC., Respondent. [960 NYS2d 151]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated July 29, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly sustained personal injuries when he picked up a methadone tablet from the waiting room floor of the defendant's counseling clinic and inserted it into his nostril. The mother alleged that, prior to the incident, the infant plaintiff was sitting on her lap for about 40 minutes in the wait-

ing room. They then walked over to the reception desk. The incident allegedly occurred when the infant plaintiff was left to play on the floor for less than one minute near the reception desk. The infant plaintiff, by his mother, and his mother, derivatively, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that it did not create or have actual or constructive notice of the alleged hazardous condition. The Supreme Court granted the motion, and the plaintiffs appeal.

A defendant property owner who moves for summary judgment in a premises liability case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence (*see Minor v 1265 Morrison, LLC*, 96 AD3d 1024 [2012]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598 [2010]). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it" (*Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]).

Here, the defendant established its entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of the alleged hazardous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Kramer v SBR & C*, 62 AD3d 667 [2009]; *DeLeon v New York City Tr. Auth.*, 5 AD3d 531 [2004]). In this regard, the mother testified at her deposition that she never observed pills on the floor prior to the incident. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant had actual or constructive notice of a hazardous condition. The evidence relied upon by the plaintiffs merely showed that the defendant had a general awareness that the floor at times became littered with debris, which is insufficient to give actual or constructive notice of the specific condition that allegedly caused the infant plaintiff's injuries (*see Gallais-Pradal v YWCA of Brooklyn*, 33 AD3d 660 [2006]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409 [2006]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.