LILLIAN MARCHESE, Respondent, v ST. MARTHA'S ROMAN CATHOLIC CHURCH, INC., Appellant. [965 NYS2d 557]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated April 23, 2012, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly tripped and fell over a raised carpet tile in the basement of the defendant's property on a Friday morning as she was entering a room in which the defendant held bingo games. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that it did not create or have actual or constructive notice of the alleged defective condition. The Supreme Court denied the defendant's motion.

"A defendant who moves for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition,

nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it" (*Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655, 656 [2009]; *see Levine v Amverserve Assn., Inc.*, 92 AD3d 728, 729 [2012]; *Jackson v Jamaica First Parking, LLC*, 91 AD3d 602, 602-603 [2012]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598 [2010]). To meet its initial burden on the issue of lack of constructive notice, a defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff tripped (*see Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d 909, 910 [2011]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599). A defendant fails to satisfy its initial burden as to lack of constructive notice when it simply presents evidence of its general cleaning or inspection practices rather than providing specific evidence as to when the area in question was last cleaned or inspected prior to the plaintiff's fall (*see Jackson v Jamaica First Parking, LLC*, 91 AD3d at 603; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599; *Arzola v Boston Props. Ltd. Partnership*, 63 AD3d at 656; *Feldmus v Ryan Food Corp.*, 29 AD3d 940, 941 [2006]).

Here, the defendant failed to establish, prima facie, that it lacked notice of the existence of the alleged hazard. In support of its motion, it submitted a transcript of the plaintiff's deposition testimony, in which she testified that she noticed the alleged defective condition three months prior to the happening of the accident and, at that time, complained about the defective condition to the defendant's volunteers, who administered the bingo games on behalf of the defendant. It also submitted a transcript of the deposition testimony of the volunteer who led the bingo game on Friday mornings. He testified that he did not know if the other volunteers had received complaints about the carpeting prior to the date of the accident. Although the volunteer also testified that he never saw any of the carpeting tiles upturned in the area where the accident occurred, he only provided testimony about his general inspection practices of the basement where the bingo games were held and did not testify as to when the area in question was last inspected relative to the plaintiff's accident. Since the deposition testimony submitted in support of the defendant's motion did not demonstrate the absence of a triable issue of fact as to whether it had notice of the allegedly hazardous condition, the defendant did not meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law (*see Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d at 910; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599). The defendant's remaining contentions are without merit.

In light of the defendant's failure to meet its prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Austin and Miller, JJ., concur.