In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ash, J.), dated October 20, 2011, which granted the defendant’s motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated December 6, 2011, which, upon the order, is in favor of the defendant and against her, dismissing the complaint.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is reversed, on the law, the defendant’s motion for summary judgment dismissing the complaint is denied, and the order dated October 20, 2011, is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter ofAho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order *846 are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff allegedly slipped and fell on a defective step as she attempted to descend a staircase to reach a subway platform. After the accident, the plaintiff commenced this action against the New York City Transit Authority. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the condition that caused the fall or have actual or constructive notice of its existence. The Supreme Court granted the motion.
A defendant property owner who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence (see Minor v 1265 Morrison, LLC, 96 AD3d 1024 [2012]; Pryzywalny v New York City Tr. Auth., 69 AD3d 598 [2010]). “A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it” (Bravo v 564 Seneca Ave. Corp., 83 AD 3d 633, 634 [2011]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). “ ‘To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell’ ” (Braudy v Best Buy Co., Inc., 63 AD3d 1092, 1092 [2009], quoting Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]).
Here, the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law, and, therefore, the Supreme Court should have denied its motion (see Bravo v 564 Seneca Ave. Corp., 83 AD3d at 633; Pryzywalny v New York City Tr. Auth., 69 AD3d at 598; Braudy v Best Buy Co., Inc., 63 AD3d at 1092). In support of the motion, the defendant failed to show when the subject staircase was last inspected prior to the accident or what the subject step looked like within a reasonable time prior to the accident. Since the defendant failed to meet its initial burden as the movant, it is not necessary to consider the sufficiency of the plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Rivera, J.P., Hall, Cohen and Miller, JJ., concur.