In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 17, 2012, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
A defendant in a trip-and-fall case who moves for summary judgment based on lack of notice has the initial burden of making a prima facie showing that it neither created nor had actual notice of the alleged hazardous condition, and that it did not have constructive notice of the condition for a length of time sufficient to discover and remedy it (see Levine v Amverserve Assn., Inc., 92 AD3d 728 [2012]; Jackson v Jamaica First Parking, LLC, 91 AD3d 602 [2012]; Arzola v Boston Props. Ltd. Partnership, 63 AD3d 655, 656 [2009]). “To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell” (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]; see Levine v Amverserve Assn., Inc., 92 AD3d at 729; Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 599 [2010]).
Here, the defendants failed to establish, prima facie, that they lacked constructive notice of the alleged condition, as the deposition testimony of the superintendent of the building in which the plaintiff fell merely referred to his general inspection practices and provided no evidence as to when the area in question was last inspected relative to the plaintiffs accident (see Levine v Amverserve Assn., Inc., 92 AD3d at 729).
Moreover, contrary to the defendants’ contention, the evidence submitted in support of their motion for summary judgment, including, inter alia, photographs of the alleged defect that caused the plaintiffs fall, did not establish, prima facie, that the alleged defect was trivial and, therefore, not actionable (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Lagrasta v Town of Oyster Bay, 88 AD3d 658, 659 [2011]; Araujo v City of New York, 84 AD3d 993, 994 [2011]; Bolloli v Waldbaum, Inc., 71 AD3d 618, 619 [2010]; DeLaRosa v City of *949 New York, 61 AD3d 813, 814 [2009]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.