In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated August 16, 2012, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiffs allegedly sustained personal injuries while ascending the exterior staircase of a home owned by the defendants. According to the plaintiffs, the top step “cracked” or “collapsed,” causing them to fall down the stairs. They subsequently commenced the instant action, and the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.
A defendant property owner who moves for summary judgment in a premises liability case has the initial burden of making a prima facie showing that he or she neither created the hazardous condition nor had actual or constructive notice of its existence (see Minor v 1265 Morrison, LLC, 96 AD3d 1024 [2012]; Pryzywalny v New York City Tr. Auth., 69 AD3d 598 [2010]). “A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it” (Bravo v 564 Seneca Ave. Corp., 83 AD3d 633, 634 [2011]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
Here, the defendants failed to eliminate a triable issue of fact as to whether they had notice of the alleged dangerous or defective condition and, thus, failed to make a prima facie showing of entitlement to judgment as a matter of law. Therefore, the Supreme Court properly denied their motion (see Fuentes v New York City Tr. Auth., 107 AD3d 845, 846 [2013]; Bravo v 564 *952 Seneca Ave. Corp., 83 AD3d at 634). Since the defendants failed to meet their initial burden as the movants, it is not necessary to consider the sufficiency of the plaintiffs’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.