■ GARY GRIFFITH, Respondent, v JK CHOPRA HOLDING, LLC, et al., Appellants. [974 NYS2d 790]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Gavrin, J.), entered September 18, 2012, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On June 30, 2009, the plaintiff, a mail carrier, allegedly was injured when he fell down an exterior staircase located at a building on 122nd Street in Queens. In February 2010, he commenced this action against the defendants, the alleged owners of the premises, to recover damages for personal injuries. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

By failing to demonstrate when the area where the plaintiff fell was last inspected in relation to the accident, the defendants failed to make a prima facie showing that they lacked constructive notice of the allegedly dangerous condition described by the plaintiff (*see Green v Quincy Amusements, Inc.*, 108 AD3d 591 [2013]; *Green v Albemarle, LLC*, 107 AD3d 948, 948 [2013]; *Alexander v New York City Hous. Auth.*, 89 AD3d 969 [2011]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52-53 [2011]). Further, the defendants, by merely pointing to gaps in the plaintiff's proof, rather than affirmatively demonstrating the merit of their defense, failed to carry their burden

as movants seeking summary judgment on the issue of whether the condition complained of did in fact constitute a defect (*see Green v Albemarle, LLC*, 107 AD3d at 948; *Proulx v Entergy Nuclear Indian Point 2, LLC*, 98 AD3d 492 [2012]; *Delaney v Town Sports Intl.*, 88 AD3d 635 [2011]; *Gestetner v Teitelbaum*, 52 AD3d 778 [2008]; *see also Marielisa R. v Wolman Rink Operations, LLC*, 94 AD3d 963 [2012]; *Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d 1003, 1005 [2011]; *Shafi v Motta*, 73 AD3d 729, 730 [2010]).

Since the defendants failed to satisfy their prima facie burden, the Supreme Court properly denied their motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Sgroi, Cohen and Miller, JJ., concur.