■ RENEE FERNANDEZ, Respondent, v FESTIVAL FUN PARKS, LLC, Doing Business as SPLISH SPLASH, Appellant. [996 NYS2d 676]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated April 19, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 4, 2008, the plaintiff allegedly slipped and fell on a wet ladies' room floor at Splish Splash, a water park in Suffolk County. The plaintiff commenced this action to recover damages for personal injuries. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.

"A defendant who moves for summary judgment in a slip-and-fall or trip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of

time to discover and remedy it" (*Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]; *see Levine v Amverserve Assn., Inc.*, 92 AD3d 728, 729 [2012]; *Amendola v City of New York*, 89 AD3d 775 [2011]). "In order to meet its burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (*Campbell v New York City Tr. Auth.*, 109 AD3d at 456; *see Levine v Amverserve Assn., Inc.*, 92 AD3d at 728; *Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d 909, 910 [2011]). "A movant cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case" (*Campbell v New York City Tr. Auth.*, 109 AD3d at 456; *see Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d at 910; *Amendola v City of New York*, 89 AD3d at 775). Moreover, a defendant's reference to general inspection practices, without evidence as to when the area at issue was inspected relative to the plaintiff's slip-and-fall, will not suffice to establish the lack of constructive notice of the existence of a dangerous condition (*see Green v Albemarle, LLC*, 107 AD3d 948 [2013]; *Levine v Amverserve Assn., Inc.*, 92 AD3d at 728, 729).

Here, the Supreme Court properly denied the defendant's motion for summary judgment, since the defendant failed to submit any evidence regarding particularized or specific inspections or cleaning procedures that were utilized in the subject area relative to the time of the plaintiff's accident (*see Roy v City of New York*, 65 AD3d 1030, 1031 [2009]). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, its motion was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (*see Sawicki v GameStop Corp.*, 106 AD3d 979, 981 [2013]).

The defendant's remaining contentions are without merit. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.