■ IDA RUSSO, Respondent, v JAMES F. HAMILL et al., Appellants. [999 NYS2d 105]—

In an action to recover damages for personal injuries, the de-

fendants appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated April 2, 2014, which denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she tripped and fell over what she described as a long metal pipe on a sidewalk adjacent to the fence surrounding the defendants' property. On the day of the accident, construction was taking place within the defendants' home.

The plaintiff commenced this action against the defendants to recover damages for personal injuries. When the plaintiff moved for leave to extend her time to file her note of issue and to compel discovery, the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the defendants' cross motion.

A property owner has a duty to keep his or her property in a "reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]). "A defendant moving for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Petersel v Good Samaritan Hosp. of Suffern, N.Y.*, 99 AD3d 880, 880 [2012]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Willis v Galileo Cortlandt, LLC*, 106 AD3d 730, 731 [2013]). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it" (*Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]; *see Gordon v American Museum of Natural History*, 67 NY2d at 837; *Schnell v Fitzgerald*, 95 AD3d 1295, 1295 [2012]).

Here, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law. While their submissions established that they did not create the dangerous condition or have actual notice of it, their evidence failed to eliminate all triable issues of fact as to whether they had constructive notice of the pipe. The defendants' deposition testimony demonstrated that the defendants were home during the ongoing construction, including the date of the accident, that the contractor's workers performing the ongoing bathroom renovation at their house were working both inside and outside

of the house on the date of the accident, that the workers brought materials to and from the house to be stored on their front porch or in the contractor's van which was parked on the street in front of the defendants' house on the date of the accident, and that the subject pipe weighed 50 to 60 pounds and was cumbersome, requiring two people to lift it. This evidence was insufficient to demonstrate as a matter of law that the defendants lacked constructive notice of the presence of the pipe over which the plaintiff fell (*see Bravo v 564 Seneca Ave. Corp.*, 83 AD3d at 634). Moreover, contrary to the defendants' contention, their evidence failed to establish, as a matter of law, that the object over which the plaintiff fell was actually a driveshaft which had not been used by the contractor during the construction or placed by the contractor's workers at the location where the plaintiff fell. In light of the defendants' failure to meet their prima facie burden, it is not necessary to consider the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.