■ IAN BARRIS, an Infant, by His Mother and Natural Guardian, EVELYN GONZALEZ, et al., Appellants, v ONE BEARD STREET, LLC, et al., Respondents. [6 NYS3d 262]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated June 14, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On July 15, 2010, the plaintiff Ian Barris (hereinafter the injured plaintiff), allegedly fell in a promenade area of property located at One Beard Street, in Brooklyn, which was owned by the defendant One Beard Street, LLC, and allegedly maintained by the defendant IKEA Property, Inc. (hereinafter together the defendants). An IKEA store was located on the property. The injured plaintiff, who was then 12 years old and accompanied by his father, allegedly slipped and fell on loose and broken pieces of asphalt as he was running toward an ice cream truck in the vicinity.

In this personal injury action, the defendants moved for summary judgment dismissing the complaint, contending that they had no actual or constructive notice of a defective or hazardous condition in the subject area, and that the sole proximate cause of the accident was the injured plaintiff's trip over his untied shoelaces. The Supreme Court granted the motion. We reverse.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (see *Campbell v New York City Tr. Auth.*, 109 AD3d 455 [2013]; *Levine v Amverserve Assn., Inc.*, 92 AD3d 728 [2012]; *Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d 909, 910 [2011]; *Amendola v City of New York*, 89 AD3d 775 [2011]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]). To meet their burden on the issue of lack of constructive notice, the defendants were required to offer some evidence as to when the accident site was last cleaned or inspected prior to the injured plaintiff's fall (see *Campbell v New York City Tr. Auth.*, 109 AD3d at 455; *Levine v Amverserve Assn., Inc.*, 92 AD3d at 728; *Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d at 910; *Amendola v City of New York*, 89 AD3d at 775; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (*Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051 [2013]; see *Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933 [2014]; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855 [2013]). Here, the affidavit of the Safety and Security Manager for the subject IKEA store, which was submitted in support of the defendants' motion, only provided information about the store's general cleaning and inspection procedures concerning the promenade, and

did not show when the subject area had last been inspected or cleaned prior to the happening of the accident (*see Rogers v Bloomingdale's, Inc.*, 117 AD3d at 933; *Herman v Lifeplex, LLC*, 106 AD3d at 1052; *cf. Armijos v Vrettos Realty Corp.*, 106 AD3d 847 [2013]). Thus, the defendants failed to establish, prima facie, that they lacked constructive notice of the allegedly dangerous condition (*see Herman v Lifeplex, LLC*, 106 AD3d at 1052; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d at 855). Furthermore, the defendants failed to establish, prima facie, that the alleged condition was too trivial to be actionable, or was open and obvious and not inherently dangerous as a matter of law.

Further, the defendants failed to establish, prima facie, that the sole proximate cause of the accident was the injured plaintiff's trip on his shoelaces. In support of this contention, the defendants submitted entries in the injured plaintiff's hospital records. A hearsay entry in a hospital record as to the happening of an injury is admissible evidence, even if not germane to diagnosis or treatment, where, as here, it is inconsistent with another account provided by that party (*see Coker v Bakkal Foods, Inc.*, 52 AD3d 765, 766 [2008]; *Berrios v TEG Mgt. Corp.*, 35 AD3d 775, 776 [2006]; *Eitner v 119 W. 71st St. Owners Corp.*, 253 AD2d 641, 642 [1998]). However, there must be evidence connecting the party to the entry (*see Coker v Bakkal Foods, Inc.*, 52 AD3d at 766). Here, the deposition testimony of the injured plaintiff's mother, who was with the injured plaintiff at the hospital, was equivocal as to what she heard the injured plaintiff say to hospital personnel. Furthermore, the injured plaintiff's father testified at his deposition that he observed the injured plaintiff slip and fall on loose pieces of black asphalt, and that the injured plaintiff's shoes were tied both before and immediately after the accident. Thus, the defendants' submissions revealed a triable issue of fact as to whether the injured plaintiff made an admission that may be excepted from the hearsay rule and, if so, a triable issue of fact as to the cause of the injured plaintiff's fall.

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion, without regard to the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Hall, Austin and Roman, JJ., concur.