■ CELIA DERISE, Respondent, v JAAK 773, INC., Doing Business as 773 LOUNGE, Appellant. [7 NYS3d 475]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated September 3, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a puddle on the floor of the defendant's bar. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint.

A defendant moving for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Hernandez v New York City Hous. Auth.*, 116 AD3d 662 [2014]; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855 [2013]; *Knack v Red Lobster 286, N & D Rests., Inc.*, 98 AD3d 473 [2012]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). In determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party (*see Giraldo v Twins Ambulette Serv., Inc.*, 96 AD3d 903 [2012]; *Boyd v Rome Realty Leasing Ltd. Partnership*, 21 AD3d 920, 921 [2005]). Moreover, the court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist (*see Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573, 574 [2004]).

Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law, because it failed to demonstrate that it did not create or have actual or constructive notice of the allegedly hazardous condition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Griffith v JK Chopra Holding, LLC*, 111 AD3d 666, 666 [2013]; *Birn-*

*baum v New York Racing Assn., Inc.*, 57 AD3d 598 [2008]). A triable issue of fact exists as to when the bar floor area was last inspected in relation to the accident and, thus, whether the alleged hazardous condition described by the plaintiff existed for a sufficient length of time prior to the incident to permit the defendant to remedy that condition (*see Green v Quincy Amusements, Inc.*, 108 AD3d 591 [2013]; *Green v Albemarle, LLC*, 107 AD3d 948, 948 [2013]; *Alexander v New York City Hous. Auth.*, 89 AD3d 969 [2011]; *Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 52-53 [2011]). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.