■ NANCY ROMAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [20 NYS3d 566]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated April 28, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action after she allegedly sustained personal injuries when she slipped and fell on an oily solution on a subway platform. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the alleged hazardous condition or have actual or constructive notice thereof. The Supreme Court granted the motion.

A defendant property owner who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence (*see Minor v 1265 Morrison, LLC*, 96 AD3d 1024 [2012]; *Pryzy-*

*walny v New York City Tr. Auth.*, 69 AD3d 598 [2010]). " 'To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell' " (*Braudy v Best Buy Co., Inc.*, 63 AD3d 1092, 1092 [2009], quoting *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]).

Here, viewing the evidence in the light most favorable to the plaintiff, as the nonmoving party, the defendant failed to establish its prima facie entitlement to judgment as a matter of law (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]). The defendant failed to set forth when the subject platform was last inspected or what it looked like prior to the accident, and it failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition (*see Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599; *Braudy v Best Buy Co., Inc.*, 63 AD3d 1092 [2009]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 599). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.