Washington v City of Buffalo (2019 NY Slip Op 05923)





Washington v City of Buffalo


2019 NY Slip Op 05923


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


635 CA 18-01829

[*1]CHARLES E. WASHINGTON, SR., AND CHARLES E. WASHINGTON, JR., PLAINTIFFS-RESPONDENTS,
v
CITY OF BUFFALO, DEFENDANT-APPELLANT, DAYCIA P. MCCLAM, DEFENDANT-RESPONDENT, AND MASTERS EDGE, INC., DEFENDANT. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (ROBERT E. QUINN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered March 19, 2018. The order, insofar as appealed from, denied the motion of defendant City of Buffalo for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the amended complaint insofar as it alleges that defendant City of Buffalo either created or had actual notice of the allegedly dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for injuries arising from a motor vehicle accident, alleging that the City of Buffalo (defendant) created and had both actual and constructive notice of an allegedly defective stop sign at the site of the accident. Supreme Court denied defendant's motion for, inter alia, summary judgment dismissing the amended complaint against it. Defendant now appeals.
We agree with defendant that it met its initial burden on the motion of showing that it neither created nor had actual notice of the allegedly dangerous condition and that plaintiffs failed to raise a triable issue of fact in opposition (see King v Sam's E., Inc., 81 AD3d 1414, 1415 [4th Dept 2011]). The court thus erred in denying defendant's motion to that extent (see Schoen v Tops Mkts., LLC, 159 AD3d 1342, 1342 [4th Dept 2018]), and we modify the order accordingly. Contrary to defendant's further contention, however, it failed to meet its initial burden of showing that it "lacked constructive notice of the allegedly dangerous condition" (Griffith v JK Chopra Holding, LLC, 111 AD3d 666, 666 [2d Dept 2013]). The court therefore properly denied defendant's motion to that extent.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court