Nsengiyumva v Amalgamated Warbasse Houses, Inc. (2020 NY Slip Op 01070)





Nsengiyumva v Amalgamated Warbasse Houses, Inc.


2020 NY Slip Op 01070


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2019-06760
 (Index No. 522623/16)

[*1]Josephine Nsengiyumva, respondent,
v
Amalgamated Warbasse Houses, Inc., appellant.


Baker Greenspan & Bernstein, Bellmore, NY (Evan E. Richards of counsel), for appellant.
Pavlounis & Sfouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated January 23, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she stepped into a pothole on the sidewalk adjacent to the defendant's property. The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
A defendant landowner who moves for summary judgment in a premises liability action has the initial burden of making a prima facie showing that it neither created the alleged dangerous or defective condition nor had actual or constructive notice of the condition (see Hanney v White Plains Galleria, LP, 157 AD3d 660, 662; Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 598). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last . . . inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
The defendant failed to establish its prima facie entitlement to judgment as a matter of law on the issue of constructive notice of the alleged defective condition. In support of its motion, the defendant submitted, inter alia, the affidavit of its general property manager and the transcript of the deposition testimony of its assistant property manager. This evidence provided general descriptions of the duties of the defendant's employees, which, at best, established the defendant's general inspection practices. However, the defendant submitted no evidence to show when the subject sidewalk was last inspected prior to the plaintiff's fall, and therefore failed to establish a lack of constructive notice of the alleged defective condition (see Ariza v Number One Star Mgt. Corp., 170 AD3d 639, 639; Pryzywalny v New York City Tr. Auth., 69 AD3d at 599; cf. Cusack v Peter Luger, Inc., 77 AD3d 785, 785-786). Accordingly, we agree with the Supreme Court's [*2]determination denying the defendant's motion for summary judgment, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court