Latorres v Delta Air Lines, Inc. (2022 NY Slip Op 05031)

Latorres v Delta Air Lines, Inc.

2022 NY Slip Op 05031

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2020-04907
 (Index No. 707493/16)

[*1]Maria Latorres, respondent, 
v
Delta Air Lines, Inc., appellant.

Fisher Broyles, LLP, New York, NY (John R. Oh of counsel), for appellant.
Joseph Vozza, Mamaroneck, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), dated May 20, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On the morning of July 18, 2015, the plaintiff allegedly sustained injuries at her place of employment at the JFK Airport in Queens. At the time of the accident, the plaintiff was employed by the defendant's cleaning service contractor to clean airplanes. To access the defendant's airplane at issue, the plaintiff had to use a nonmotorized tow staircase (hereinafter NMTS). As the plaintiff ascended the staircase, she noticed, inter alia, that this exterior staircase was unstable and shaking. Approximately 30 minutes later, as she was descending the NMTS, it was still shaking. The plaintiff alleged that the violent movement of the NMTS caused her to fall.
The plaintiff commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion, contending, inter alia, that the defendant created the unstable condition of the NMTS or had actual or constructive notice of the unstable condition. The plaintiff also argued that the doctrine of res ipsa loquitur applied. In an order dated May 20, 2020, the Supreme Court denied the motion. The defendant appeals.
In a premises liability case, a defendant property owner or occupant who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence (see Dougherty v 359 Lewis Ave. Assoc., LLC, 191 AD3d 763; Bennett v Alleyne, 163 AD3d 754, 755; Gebert v Catalano, 110 AD3d 951). Here, viewing the evidence in the light most favorable to the nonmoving plaintiff (see Stukas v Streiter, 83 AD3d 18, 22), the defendant failed to establish, prima facie, that it did not create the unstable condition of the NMTS by negligently setting it up, or that it did not have actual or constructive notice of the alleged unstable condition (see generally Gordon v American Museum of Natural History, 67 NY2d 836; Klerman v Fine Fare Supermarket, 96 AD3d 907; Roethgen v AMF Babylon Lanes, 30 AD3d 398; Kazimir v Cornyn, 30 AD3d 380; Ancona v Waldbaum, Inc., 305 AD2d 436). The defendant also failed to establish, prima facie, that the [*2]plaintiff's fall was not proximately caused by the unstable condition of the NMTS (see Lamour v Decimus, 118 AD3d 851). Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers.
In light of our determination, it is not necessary to address the issue of whether the doctrine of res ipsa loquitur applies to this case.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court