Per Curiam.

The jury’s determination that the vicinity known as Fieldston is a private residential community, and that the defendant homeowners had notice of the private nature of such community, is consistent with the preponderating weight of the evidence. As owners of property within the area, defendants were entitled to and did enjoy the facilities maintained and services provided by the plaintiff property owners’ association for the benefit of the entire community. Accordingly, they were under a corresponding duty to pay their proportionate share of the budgeted costs for such community services, despite their failure to exercise the right to join the association (Sea Gate Assn. v Fleisher, 211 NYS2d 767; Patchogue Props. v Cirillo, 54 Misc 2d 863, affd 60 Misc 2d 71; Tomkins Lakes Estates Assn. v Speisman, 51 Misc 2d 488).
Judgment and order, entered July 3,1974 (Wachtel, J., and jury), affirmed, with $25 costs.
Concur — Fine, P. J., Frank and Hughes, JJ.