OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff is an association of homeowners formed more than 30 years ago in Seaview, an unincorporated Fire Island community of some 330 homes largely populated for summer recreation. Plaintiff owns and maintains the streets, walkways and beaches of Seaview. Additionally, it employs a community manager; it provides a rent-free home for a resident doctor in the summer; and it maintains shelters for lifeguards and for the Suffolk County police, as well as snowfences and antierosion devices, a nature area, and recreational facilities such as a ballfield and tennis courts. Seaview property owners are each assessed a share of plaintiff’s annual costs. The assessment covers all services and facilities except the water company and the tennis courts. Defendants are a husband, wife and son who, by deeds, enjoy easements entitling them to the use of ocean beaches and walkways; two of the three defendants are in the real estate business, and are among the only five year-round residents of Seaview. Prior to purchasing their first house in Seaview in 1963, they lived in an adjoining community. They now own seven houses in Seaview, but refuse to pay any of the assessments, contending that as *989 nonmembers of plaintiff association and nonusers of the recreational facilities maintained by plaintiff, they cannot be charged. Plaintiff brought the present action to recover assessments for the years 1976 through 1984. After a five-day bench trial, the court awarded judgment for plaintiff, concluding that there was an implied contract to pay the assessments arising out of defendants’ purchase of property in Seaview with knowledge of the nature of the community and the conditions imposed upon ownership there. The Appellate Division affirmed for the reasons stated by the Trial Judge, one Justice dissenting, and granted leave to appeal to this court. We now affirm.
 Where there is knowledge that a private community homeowners’ association provides facilities and services for the benefit of community residents, the purchase of property there may manifest acceptance of conditions of ownership, among them payment for the facilities and services offered. The resulting implied-in-fact contract includes the obligation to pay a proportionate share of the full cost of maintaining those facilities and services, not merely the reasonable value of those actually used by any particular resident (see, Sea Gate Assn. v Fleischer, 211 NYS2d 767, 778, 781). The issues of notice given by plaintiff and actual or constructive knowledge of defendants, gained from familiarity with the area, from signs or from other sources, are largely factual, and were the focus of the trial. There is ample evidence in the record to support the findings of the trial court, affirmed by the Appellate Division, that defendants knew the nature of the community and by their purchase — indeed, successive purchases— impliedly accepted the conditions accompanying ownership of property in Seaview. The issue is thus beyond our review (see, Humphrey v State of New York, 60 NY2d 742).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.