■ DOUGLAS MANOR ASSOCIATION, INC., Appellant, v THOMAS POPOVICH, Originally Referred to as VICTOR POPOVICH, Respondent.—In an action to recover damages for breach of an implied contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Dunkin, J.), dated July 11, 1989, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate judgment in the principal sum of $1,560.

The plaintiff, Douglas Manor Association, Inc. (hereinafter the DMA), a homeowners' association, alleges that the defendant, a homeowner within its "private community," has failed to pay his association dues. The DMA moved for summary judgment, based on the defendant's actual and constructive knowledge of the existence of and use of the services rendered by the association, on the theories of breach of an implied

contract and unjust enrichment. The court denied summary judgment, finding that disputed factual issues concerning the defendant's actual or constructive knowledge of the nature of the community precluded granting the plaintiff's requested relief. We disagree.

The following facts are undisputed. The DMA employs a paid staff to maintain the grounds, the docks and the waterfront, and owns maintenance equipment, playground equipment, a dock and swimming and docking floats. The DMA holds title to the waterfront property surrounding the community, as well as the playing field and playground area which are posted as being closed to the public. The DMA claims title to many streets in Douglas Manor. The DMA provides a variety of community services, including a security patrol, help in snow clearance, maintenance of the sea wall around the community, maintenance of the waterfront and interior parks, and the replacement of trees.

The original 1908 indenture specifically provides for the payment of a deed tax of $1 per lot to the Douglas Manor Association, Inc., impliedly for the purpose of maintaining the community. Under circumstances similar to these, courts have found an implied contract, requiring residents to support the local community association (see, Seaview Assn. v Williams, 69 NY2d 987; Tides Prop. Owners Assn. v Paolillo, 56 AD2d 888; Patchogue Props. v Cirillo, 54 Misc 2d 863, affd 60 Misc 2d 71; Sea Gate Assn. v Fleischer, 211 NYS2d 767).

The defendant admits paying his proportionate share of the annual dues to the DMA as part of the closing costs when he purchased the property and does not deny paying dues the following year. The fact that he did pay dues the following year is supported by a 17-year-old ledger entry. The defendant admits seeing signs stating that the development is private and the deed he produced sets forth the requirement of a deed tax payable to DMA.

Because the DMA concedes that recovery of the dues for 1981-1982 is barred by the six-year Statute of Limitations, the amount awarded should be limited to the principal sum of $1,560. Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.