■ SANFORD STEVENS et al., Respondents, v SHERIFF HILMY et al., Appellants.—In an action, *inter alia,* to recover damages for medical malpractice, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 6, 1990, as denied their cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of the cross motion which was for summary judgment dismissing the complaint insofar as it is asserted against the defendant Dr. Jonathan Stein, and substituting therefor a provision granting that branch of the cross motion, the complaint insofar as it is asserted against the defendant Dr. Jonathan Stein is dismissed, and the action against the remaining defendants is

severed; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Although a defendant's application for summary judgment may be denied where a plaintiff establishes that facts essential to the opposition to the motion rest within the exclusive knowledge of a defendant (CPLR 3212 [f]), the plaintiffs may not invoke this argument on this appeal as to the defendant Dr. Jonathan Stein. The plaintiffs failed to complete their deposition of Dr. Stein in a timely manner and thus, their own inaction is responsible for their failure to ascertain any facts exclusively within Dr. Stein's knowledge (see, Twining Nemia & Hill v Read Mem. Hosp., 89 AD2d 432; Silinsky v State-Wide Ins. Co., 30 AD2d 1). Since the defendants' motion papers established Dr. Stein's entitlement to judgment as a matter of law, the action as against him is dismissed. As to the other defendants, however, we agree that the papers establish the existence of triable issues of fact (see, Gordon v Pellillo, 184 AD2d 494). Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.