■ DOUGLAS MANOR ASSOCIATION, INC., Respondent, v NICHOLAS G. ALIMARAS et al., Appellants, et al., Defendants. [626 NYS2d 552] —In an action to recover damages for breach of contract, Nicholas G. Alimaras, Libby Alimaras, John R. Centanni, Agnes M. Goldrich, Henry F. Matheu, Eva R. Ma-

theu, and Francis M.C. Pisano appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated October 14, 1993, as granted that branch of the plaintiff's motion which was for summary judgment against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Douglas Manor Association, Inc. (hereafter DMA), a homeowners association, alleges that the defendants, homeowners within its "private community", have failed to pay their association dues. The DMA moved, *inter alia,* for summary judgment, based on the defendants' actual and constructive knowledge of the existence of and use of the services rendered by the DMA, on the theories of breach of an implied contract and unjust enrichment. The court granted summary judgment in favor of the DMA. The causes of action were deemed discontinued as against some of the defendants who remitted payment for all arrears, and some defendants defaulted by failing to serve an answer to the complaint. The remaining defendants have appealed, contending that factual issues exist concerning, *inter alia,* the nature of the community and the association, which preclude granting the plaintiff's the requested relief. We disagree.

The following facts have been established. The DMA employs a paid staff to maintain the grounds, the docks, and the waterfront. It also owns maintenance equipment, playground equipment, a dock, and swimming and docking floats. The DMA holds title to the waterfront property surrounding the community, as well as title to the playing field and playground area which are posted as being closed to the public. The DMA claims title to many streets in Douglas Manor. The DMA provides a variety of services, including a security patrol, help in snow clearance, maintenance of the sea wall around the community, maintenance of the waterfront and interior parks, and replacement of trees.

"The original 1908 indenture specifically provides for the payment of a deed tax of $1 per lot to the Douglas Manor Association, Inc., impliedly for the purpose of maintaining the community. Under circumstances similar to these, courts have found an implied contract, requiring residents to support the local community association" *(Douglas Manor Assn. v Popovich,* 167 AD2d 499, 500; *see, Seaview Assn. v Williams,* 69 NY2d 987; *Tides Prop. Owners Assn. v Paolillo,* 56 AD2d 888; *Patchogue Props. v Cirillo,* 54 Misc 2d 863, *affd* 60 Misc 2d 71; *Sea Gate Assn. v Fleischer,* 211 NYS2d 767).

A review of the record discloses that all of the appellants either made adjustments at the closing of title or paid money directly to the DMA in compliance with the mandates of the covenants and restrictions. Furthermore, copies of the appellants' deeds in the record, with schedules of covenants and restrictions appended thereto, set forth the requirement of a deed tax payable to the DMA.

We also disagree with the appellants that their failure to present evidentiary facts in opposing the motion should be excused pursuant to CPLR 3212 (f) on the ground that the facts needed are exclusively within the knowledge of the DMA. Here, the action was pending for more than a year before the DMA moved for summary judgment and the appellants failed to avail themselves of any opportunities to obtain discovery (see, Hanneford Circus v Cabar Circus Promotions, 201 AD2d 456, 457; Stevens v Hilmy, 185 AD2d 840, 841; Silinsky v State-Wide Ins. Co., 30 AD2d 1, 5-6; cf., Yu v Forero, 184 AD2d 506, 507-508).

We have considered the appellants' remaining contentions and find them to be without merit. Sullivan, J. P., Copertino, Goldstein and Florio, JJ., concur.