■ Forest Hills Gardens Corporation, Respondent, v Nicholas Aram Kamparosyan, Appellant. [880 NYS2d 524]—

In an action, inter alia, to recover unpaid maintenance charges, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), dated April 1, 2008, as granted that branch of the plaintiff's motion which was for summary judgment on the first, second, third, and fourth causes of action to the extent that they sought to recover unpaid annual maintenance charges beginning in 2001.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff established that the defendant's decedent was liable, on the basis of an implied contract, for unpaid annual maintenance charges for the year 2001 and onward (*see Seaview Assn. of Fire Is. v Williams*, 69 NY2d 987, 989 [1987]; *Douglas Manor Assn. v Alimaras*, 215 AD2d 522, 523 [1995]; *Douglas Manor Assn. v Popovich*, 167 AD2d 499, 500 [1990]; *Fieldston Prop. Owners Assn. v Decorative Trends*, 83 Misc 2d 685, 686 [1975], *affd* 56 AD2d 525 [1977]; *cf.* CPLR 213 [2]; *542 Holding Corp. v Prince Fashions, Inc.*, 46 AD3d 309, 310-311 [2007]; *Moors v Hall*, 143 AD2d 336, 339-340 [1988]). In opposition, the defendant failed to raise a triable issue of fact as to his decedent's liability for unpaid maintenance charges for those years. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the first, second, third, and fourth causes of action to the extent that they sought to recover unpaid annual maintenance charges beginning in 2001.

The defendant's remaining contentions either are without merit, refer to matter dehors the record, or have been rendered academic in light of our determination. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.