RASILA MEHTA, Respondent, v STOP & SHOP SUPERMARKET COMPANY, LLC, Appellant. [12 NYS3d 269]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated October 31, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly slipped and fell in a supermarket owned by the defendant, sustaining injuries. Thereafter, the plaintiff commenced this action to recover damages for personal injuries, alleging that a wet and dangerous condition existed

on the floor in the supermarket and caused her accident. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and we reverse.

The owner or possessor of property has a duty to maintain his or her property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976]). A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (*see Campbell v New York City Tr. Auth.*, 109 AD3d 455 [2013]; *Levine v Amverserve Assn., Inc.*, 92 AD3d 728 [2012]; *Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d 909, 910 [2011]; *Amendola v City of New York*, 89 AD3d 775 [2011]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]). To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (*see Campbell v New York City Tr. Auth.*, 109 AD3d at 455; *Levine v Amverserve Assn., Inc.*, 92 AD3d at 728; *Tsekhanovskaya v Starrett City, Inc.*, 90 AD3d at 910; *Amendola v City of New York*, 89 AD3d at 775; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 599). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (*Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051 [2013]; *see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933 [2014]; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855 [2013]).

The defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that it neither created nor had actual or constructive notice of the condition alleged by the plaintiff to have caused the accident. In support of its motion, the defendant relied upon, among other things, the affidavit of Charles Barber, a member of the maintenance crew at the subject store on the date of the accident. Barber averred that he had inspected the area where the plaintiff alleged that she fell approximately 10 to 15 minutes prior to the accident and observed no water in the area at that time. He further averred in his affidavit that

at no point prior to the accident did he ever receive any complaints of any kind concerning the area where the plaintiff allegedly fell. This affidavit was specific enough to satisfy the defendant's initial burden (*see Armijos v Vrettos Realty Corp.*, 106 AD3d 847 [2013]; *Freiser v Stop & Shop Supermarket Co., LLC*, 84 AD3d 1307, 1308 [2011]; *see also Payen v Western Beef Supermarket*, 106 AD3d 710 [2013]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant had notice of the allegedly dangerous condition. The plaintiff's contention that she slipped and fell on what appeared to be dirty water did not raise a triable issue of fact as to whether that condition existed for a sufficient period of time in order for the defendant's employees to have identified the condition and remedied it.

In light of our determination, we need not address the defendant's remaining contention.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.