■ EDENA JAMES, Respondent, v ORION CONDO-350 WEST 42ND ST., LLC, Individually and Doing Business as ORION CONDOMINIUM, et al., Appellants, et al., Defendants. [30 NYS3d 216]—

In an action to recover damages for personal injuries, the defendants Orion Condo-350 West 42nd St., LLC, and Board of Managers of the Orion Condominium appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated May 21, 2014, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

To prevail on their motion for summary judgment in this slip-and-fall case, the appellants had the initial burden of making a prima facie showing that they neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Willis v Galileo Cortlandt, LLC*, 106 AD3d 730, 731 [2013]). "A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected" (*Knack v Red Lobster 286, N & D Rests., Inc.*, 98 AD3d 473, 473 [2012]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). Moreover, "[t]o meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (*Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]).

Here, the appellants failed to establish, prima facie, their entitlement to judgment as a matter of law on the ground that they did not have constructive notice of any hazardous condition. Although the appellants presented evidence that they neither created nor had actual notice of the alleged condition, they failed to demonstrate that they did not have constructive notice of the alleged condition, as they failed to tender any evidence establishing when the subject area was last inspected prior to the plaintiff's alleged accident (*see Korn v Parkside Harbors Apts., LLC*, 134 AD3d 769, 770 [2015]; *Sesina v Joy Lea Realty, LLC*, 123 AD3d 1000, 1001 [2014]). Accordingly, the Supreme Court correctly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.