■ JULIA A. MAVIS et al., Appellants, v REXCORP REALTY, LLC, et al., Respondents. [39 NYS3d 190]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated August 4, 2014, as granted those branches of the separate motions of the defendants, Rexcorp Realty, LLC, and A.M.B. Onesource Facilities Services, which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On December 11, 2008, at approximately 9:00 a.m., Julia A. Mavis (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell on the lobby floor of the building where she worked. It had been raining that morning. The injured plaintiff, and her husband suing derivatively, commenced this action against the owner of the building, Rexcorp Realty, LLC (hereinafter the owner), and the contractor hired to clean the common areas of the building, A.M.B. Onesource Facilities Services (hereinafter the contractor). The owner and the contractor separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted those branches of the motions.

The owner or possessor of property has a duty to maintain his or her property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]; *see Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]). A defendant moving for summary judgment in a slip and fall case has the burden of demonstrating, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Walsh v Super Value, Inc.*, 76 AD3d at 375). A defendant has constructive notice of a hazardous condition on

property when the condition is visible and apparent and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (*see Walsh v Super Value, Inc.*, 76 AD3d at 375). To meet its initial burden on the issue of lack of constructive notice, the defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (*see James v Orion Condo-350 W. 42nd St., LLC*, 138 AD3d 927, 927 [2016]; *Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]). Although submission of evidence as to the defendant's general cleaning practices is generally insufficient to meet the defendant's burden on the issue of lack of constructive notice, specific evidence as to cleaning practices may be adequate, depending on the circumstances of the case (*see Armijos v Vrettos Realty Corp.*, 106 AD3d 847, 847-848 [2013]).

Here, the owner satisfied its prima facie burden through submission of the deposition testimony of an employee of the contractor and the building concierge employed by the owner. The testimony of the building concierge, and the testimony of the contractor's employee regarding the frequency of the employee's inspections of the area where the injured plaintiff fell, established, prima facie, that the owner did not have constructive notice of the allegedly dangerous condition (*see id.*). In opposition, the plaintiffs failed to raise a triable issue of fact as to creation or notice. Accordingly, the Supreme Court properly granted that branch of the owner's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d at 1039).

As to the contractor, the general rule is that a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). Although there are exceptions to that rule (*see id.* at 140), a contracting defendant moving for summary judgment need negate only those exceptions that were expressly pleaded by the plaintiff or expressly set forth in the bill of particulars (*see Barone v Nickerson*, 140 AD3d 1100, 1101 [2016]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Here, the plaintiffs did not expressly plead or set forth in their bill of particulars any of the recognized exceptions to the general rule. Thus, by establishing that the injured plaintiff was not a party to the cleaning services agreement, the contractor met its prima facie burden of establishing that it owed her no duty (*see Parrinello v Walt Whitman Mall, LLC*, 139 AD3d

685, 687 [2016]). In opposition to that prima facie showing, the plaintiffs failed to raise a triable issue of fact as to the applicability of an exception to the general rule (*see Bryan v CLK-HP 225 Rabro, LLC*, 136 AD3d 955, 956 [2016]). Accordingly, the Supreme Court properly granted the branch of the contractor's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.