Yaqui Williams, Respondent, The
against
New York City Transit Authority, Appellant.




New York City Transit Law Department-Torts (Anna J. Ervolina, Esq.), for appellant.
Sim & Record, LLP (Sang J. Sim, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered December 23, 2015. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this personal injury action, alleging that, at approximately 11:45 a.m. on June 13, 2011, as he was descending a staircase at the DeKalb Avenue subway station, in Brooklyn, New York, he slipped on an "oily, sticky and greasy substance and debris" that had accumulated on the third or fourth step of the staircase. Defendant moved for summary judgment dismissing the complaint. By order entered December 23, 2015, the Civil Court denied the motion, finding that defendant had failed to establish a lack of actual or constructive notice as a matter of law. We affirm the order, albeit on a different ground. 
A court may deny a motion for summary judgment if it appears from the record "that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]). In moving for summary judgment, defendant relied upon the affidavit of its employee, who had knowledge of the condition of the staircase, to establish, prima facie, a lack of actual or constructive notice of the alleged defect. In opposing the motion, plaintiff sought to raise questions regarding the condition of the staircase in the hours before the incident and argued that no examination had been held of the defendant's witness. As plaintiff has demonstrated that facts essential to justify [*2]opposition to defendant's motion for summary judgment dismissing the complaint may exist but cannot be stated, the motion is denied (see CPLR 3212 [f]).
Accordingly, the order is affirmed.
PESCE and SOLOMON, JJ., concur.
WESTON, J.P., dissents and votes to reverse the order and grant defendant's motion for summary judgment dismissing the complaint in the following memorandum:
An owner of premises who moves for summary judgment dismissing a complaint "in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037, 1038 [2015]; see Campbell v New York City Tr. Auth., 109 AD3d 455 [2013]; Levine v Amverserve Assn., Inc., 92 AD3d 728 [2012]). "To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d at 1038; see Campbell v New York City Tr. Auth., 109 AD3d at 456; Levine v Amverserve Assn., Inc., 92 AD3d at 729; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Herman v Lifeplex, LLC, 106 AD3d 1050, 1051 [2013]; see Rodriguez v Shoprite Supermarkets, Inc., 119 AD3d 923 [2014]; Rogers v Bloomingdale's, Inc., 117 AD3d 933 [2014]).
Here, defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that it had neither created nor had actual or constructive notice of the condition alleged by plaintiff to have caused the accident. In support of its motion, defendant relied upon an affidavit of its employee, who had been assigned to clean the station on the date of the accident, who averred that, from 7:00 a.m. until 10:00 a.m., he had swept, cleaned and "scrapp[ed]" all the staircases in the station, including the one where plaintiff had allegedly been injured, as well as the platforms, mezzanines and landings. He stated that he had picked up any debris that he found. He further stated that had he seen an oily substance on a staircase, he would have applied sand to absorb it and swept it away. At 11:45 a.m., after he had returned from lunch, he performed the same tasks as he had performed earlier. This affidavit was sufficiently specific to satisfy defendant's initial burden (see Kravets v New York City Hous. Auth., 134 AD3d 678 [2015]; Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037; Armijos v Vrettos Realty Corp., 106 AD3d 847 [2013]). In opposition to defendant's motion, plaintiff failed to raise a triable issue of fact. Furthermore, in my opinion, plaintiff did not demonstrate that a deposition of defendant's employee was necessary in order for plaintiff to oppose defendant's motion, especially since plaintiff had not scheduled a deposition in the three years that the action had been pending (see CPLR 3212 [f]; Douglas Manor Assn. v Alimaras, 215 AD2d 522 [1995]; Stevens v Hilmy, 185 AD2d 840 [1992]).
Accordingly, I vote to reverse the order and grant defendant's motion for summary judgment dismissing the complaint.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 29, 2017