Yaqui Williams, Respondent,
against
The New York City Transit Authority, Appellant.




New York City Transit Law Department-Torts (Anna J. Ervolina of counsel), for appellant.
Sim & Record, LLP (Sang J. Sim of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered December 23, 2015. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion for summary judgment dismissing the complaint is granted.
The complaint in this personal injury action alleges that, at approximately 11:45 a.m. on June 13, 2011, as plaintiff was descending a staircase at the DeKalb Avenue subway station, in Brooklyn, New York, he slipped on an "oily, sticky and greasy substance and debris" that had accumulated on the third or fourth step of the staircase. Defendant moved for summary judgment dismissing the complaint. By order entered December 23, 2015, the Civil Court denied the motion, finding that defendant had failed to establish a lack of actual or constructive notice as a matter of law.
At the outset, we reject plaintiff's argument that defendant's motion should be denied as premature on the ground that discovery was not yet complete (see CPLR 3212 [f]), and that plaintiff should be allowed to depose defendant's employee and obtain certain documents. " 'A party who claims ignorance of critical facts to defeat a motion for summary judgment (see, CPLR 3212 [f]) must first demonstrate that the ignorance is unavoidable and that reasonable attempts were made to discover the facts which would give rise to a triable issue' " (Sasson v Setina Mfg. Co., Inc., 26 AD3d 487, 488 [2006], quoting Cruz v Otis El. Co., 238 AD2d 540 [1997]; see also Douglas Manor Assn. v Alimaras, 215 AD2d 522 [1995]; Stevens v Hilmy, 185 AD2d 840 [1992]). Plaintiff did not schedule the deposition or obtain the documents in question in the three years that the action had been pending before defendant made the summary judgment motion. Thus, plaintiff's "own inaction is responsible for [his] failure to ascertain any facts" necessary to defeat defendant's motion (Stevens v Hilmy, 185 AD2d at 842).
Turning to the merits, we find that defendant established its entitlement to summary judgment dismissing the complaint. An owner of premises who moves for summary judgment dismissing a complaint "in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037, 1038 [2015]; see Campbell v New York City Tr. Auth., 109 AD3d 455 [2013]; Levine v Amverserve Assn., Inc., 92 AD3d 728 [2012]). "To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d at 1038; see Campbell v New York City Tr. Auth., 109 AD3d at 456; Levine v Amverserve Assn., Inc., 92 AD3d at 729; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Herman v Lifeplex, LLC, 106 AD3d 1050, 1051 [2013]; see Rodriguez v Shoprite Supermarkets, Inc., 119 AD3d 923 [2014]; Rogers v Bloomingdale's, Inc., 117 AD3d 933 [2014]).
Here, defendant submitted evidence demonstrating that it had neither created, nor had actual or constructive notice of, the condition alleged by plaintiff to have caused the accident. In support of its motion, defendant relied upon an affidavit of its employee, who had been assigned to clean the station on the date of the accident, who averred that, from 7:00 a.m. until 10:00 a.m., he had swept, cleaned and "scrapp[ed]" all the staircases in the station, including the one where plaintiff had allegedly been injured, as well as the platforms, mezzanines and landings. He stated that he had picked up any debris that he found. He further stated that had he seen an oily substance on a staircase, he would have applied sand to absorb it and swept it away. At 11:45 a.m., after he had returned from lunch, he performed the same tasks that he had performed earlier. This affidavit was sufficiently specific to satisfy defendant's initial burden (see Kravets v New York City Hous. Auth., 134 AD3d 678 [2015]; Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037; Armijos v Vrettos Realty Corp., 106 AD3d 847 [2013]). In opposition to defendant's motion, plaintiff failed to raise a triable issue of fact.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
The decision and order of this court dated December 29, 2017 (58 Misc 3d 146[A], 2017 NY Slip Op 51959[U]) is hereby recalled and vacated (see motion decided simultaneously herewith).
WESTON, J.P., and PESCE, J., concur.
SOLOMON, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 12, 2018