Reed v 64 JWB, LLC (2019 NY Slip Op 03094)





Reed v 64 JWB, LLC


2019 NY Slip Op 03094


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-03655
 (Index No. 62716/15)

[*1]Christopher Reed, appellant, 
v
64 JWB, LLC, respondent, et al., defendant (and a third-party action).


Edelman Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Nicholas P. Hurzeler of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated March 29, 2017. The order, insofar as appealed from, granted the motion of the defendant 64 JWB, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on December 14, 2013, when, while walking on a snow-covered grassy parking lot median, his foot went through the snow and into a hole. The plaintiff was performing certain job-related tasks for his employer, nonparty White Plains Linen, at the time of the accident. The median was situated on premises owned by the defendant 64 JWB, LLC (hereinafter JWB), which the plaintiff alleged had constructive notice of the snow-covered hole, and a duty of care to clear the median of snow. JWB moved for summary judgment dismissing the complaint insofar as asserted against it, inter alia, on the grounds that it lacked constructive notice of the allegedly injury-causing hole as it was a latent defect, and that it had no duty of care to keep the grassy median clear of snow. The Supreme Court granted JWB's motion, and the plaintiff appeals. We affirm insofar as appealed from.
A property owner is charged with the duty of maintaining its premises in a reasonably safe condition (see Peralta v Henriquez, 100 NY2d 139; Basso v Miller, 40 NY2d 233, 241; Katz v Westchester County Healthcare Corp., 82 AD3d 712). To demonstrate entitlement to summary judgment, an owner of real property must establish that it maintained the premises in a reasonably safe condition, and that it did not create a dangerous or defective condition on the property or have either actual or constructive notice of a dangerous or defective condition for a sufficient length of time to remedy it (see Rendon v Broadway Plaza Assoc. Ltd. Partnership, 109 AD3d 975, 976; Villano v Strathmore Terrace Homeowners Assn., Inc., 76 AD3d 1061, 1061; Molloy v Waldbaum, Inc., 72 AD3d 659, 659-660; Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d 634, 636; see also Hayden v Waldbaum, Inc., 63 AD3d 679, 679; Denker v Century 21 Dept. Stores, LLC, 55 [*2]AD3d 527, 528). As is pertinent to this appeal, " [a] defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected'" (Williams v SNS Realty of Long Is., Inc., 70 AD3d 1034, 1035, quoting Hayden v Waldbaum, Inc., 63 AD3d at 679; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Rendon v Broadway Plaza Assoc. Ltd. Partnership, 109 AD3d at 977). When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed (see Schnell v Fitzgerald, 95 AD3d 1295; Lal v Ching Po Ng, 33 AD3d 668; Curiale v Sharrotts Woods, Inc., 9 AD3d 473, 475; see also Catalano v Tanner, 23 NY3d 976). To meet its initial burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's accident (see Mavis v Rexcorp Realty, LLC, 143 AD3d 678; Giantomaso v T. Weiss Realty Corp., 142 AD3d 950, 951; James v Orion Condo—350 W. 42nd St., LLC, 138 AD3d 927, 927; Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037, 1038). However, "it is well established that the failure to make a diligent inspection constitutes negligence only if such inspection would have disclosed the defect" (Ferris v County of Suffolk, 174 AD2d 70, 76 [internal quotation marks omitted]; see Pittel v Town of Hempstead, 154 AD2d 581, 583; Monroe v City of New York, 67 AD2d 89, 96).
Here, JWB demonstrated its prima facie entitlement to judgment as a matter of law. JWB showed that it lacked constructive notice of the snow-covered hole in the ground. Even though no evidence of prior inspections of the subject area was offered, JWB demonstrated that the snow-covered hole was a latent defect that could not have been discovered upon a diligent inspection. The plaintiff's own deposition testimony indicated that he first noticed the hole after the accident, and that he had traversed the subject area prior to the accident on a number of occasions during the course of his work and did not see a hole in the grassy median (see Pierson v North Colonie Cent. School Dist., 74 AD3d 1652, 1655; Branham v Loews Orpheum Cinemas, Inc., 31 AD3d 319, 322-323, affd 8 NY3d 931; Gernard v Agosti, 228 AD2d 994). JWB further demonstrated, prima facie, that as a matter of law it owed no duty of care to keep the grassy median clear of snow, as the unpaved median was not intended to be a public walkway (see Yan Quan Wu v City of New York, 42 AD3d 451; Moran v State Duct Corp., 41 AD3d 440, 441). In opposition to JWB's prima facie showing, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting JWB's motion for summary judgment dismissing the complaint insofar as asserted against it.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court