Rogers v Stop & Shop Supermarket Co., LLC (2024 NY Slip Op 02216)

Rogers v Stop & Shop Supermarket Co., LLC

2024 NY Slip Op 02216

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-02413
 (Index No. 21720/15)

[*1]Anita Venezia Rogers, appellant, 
v
Stop & Shop Supermarket Company, LLC, etc., respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Creedon & Gill P.C., Northport, NY (Peter J. Creedon of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Marian Rose Tinari, J.), entered February 24, 2022. The judgment, upon (1) an order of the same court dated May 14, 2020, granting the defendant's motion for summary judgment dismissing the complaint; and (2) an order of the same court dated April 7, 2021, denying the plaintiff's motion for leave to reargue her opposition to the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
In August 2015, the plaintiff allegedly was injured when she slipped and fell on a puddle in the dairy section of a supermarket owned and operated by the defendant. Thereafter, the plaintiff commenced this personal injury action.
The defendant subsequently moved for summary judgment dismissing the complaint, contending, inter alia, that it did not create or have actual or constructive notice of any dangerous condition on its premises. The plaintiff opposed the defendant's motion. In an order dated May 14, 2020, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.
In January 2021, the plaintiff moved for leave to reargue her opposition to the defendant's motion for summary judgment dismissing the complaint. In an order dated April 7, 2021, the Supreme Court denied the plaintiff's motion. On February 24, 2022, the court entered a judgment in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
Generally, an appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment" (CPLR 5501[a][1]). However, since no appeal lies from an order denying reargument, the April 7, 2021 order denying the plaintiff's motion for leave to reargue her opposition to the defendant's motion for summary judgment dismissing the complaint is not brought up for review (see Brightside Home Improvements, Inc. v Northeast Home Improvement Servs., 208 AD3d 446, 448; Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 94).
The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The owner or possessor of property has a duty to maintain its property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d 233, 241 [internal quotation marks omitted]). "A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d 1037, 1038; see Cashwell v Stop & Shop Supermarket Co., LLC, 219 AD3d 795, 796; Arevalo v Associated Supermarkets, Inc., 156 AD3d 852, 853). To meet its burden on the issue of lack of constructive notice, "the defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (Falco-Averett v Wal-Mart Stores, Inc., 174 AD3d 506, 507 [internal quotation marks omitted]; see Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d at 1038; Armijos v Vrettos Realty Corp., 106 AD3d 847, 847).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating, through video evidence, and the deposition testimony and an affidavit of its employee who inspected the area less than nine minutes before the plaintiff fell, that it did not create or have actual or constructive notice of the alleged dangerous condition (see Milazzo v Best Mkt., 207 AD3d 535, 537; Mehta v Stop & Shop Supermarket Co., LLC, 129 AD3d at 1038). In opposition, the plaintiff failed to raise a triable issue of fact, as to, among other things, whether the employee adequately inspected the area of the accident, as such contention was based on mere speculation and conjecture (see Bradley v US Brownsville III Hous. Dev. Fund Corp., 213 AD3d 902, 904; Seung Chul Na v JP Morgan Chase & Co., 123 AD3d 903, 904).
CONNOLLY, J.P., WOOTEN, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court